John E. Madden, Plaintiff, *v.* John H. Rosseter, Defendant.

(Supreme Court, New York Special Term, February, 1921.)

Injunctions — when plaintiff will be granted a mandatory injunction — contracts — animals — receivers.

Where by a written agreement of sale defendant was to have the possession and use of a valuable stallion, in California, during the seasons of 1919 and 1920, the plaintiff to have him

for use in Kentucky during the seasons of 1921 and 1922, and "thereafter on new arrangements mutually satisfactory," the defendant has no legal right to insist upon any condition for the return of the horse to plaintiff except to ship him to plaintiff's stock farm in Kentucky, the season of 1921 now opening.

Where defendant flatly refuses to abide by the agreement unless plaintiff enters into a new agreement which is unsatisfactory to him, the plaintiff will be granted a mandatory injunction requiring defendant to ship the horse in accordance with their agreement, and enjoining other disposition of him.

Upon giving a bond a receiver of the stallion will be appointed with power to take appropriate steps, in California or elsewhere, and to invoke the aid of any court to gain possession of the horse, and ship him to plaintiff's stock farm, to which place he should have been sent in August or September, 1920.

MOTION for an injunction.

Kalish & Kalish (Charles A. Kalish, of counsel), for plaintiff.

Thomas F. Kane and John B. Dahlgren (Thomas F. Kane, of counsel), for defendant.

FORD, J.   Plaintiff is a resident of New York and the defendant of California. Each owns a half interest in the thoroughbred stallion Friar Rock. which the plaintiff now values at $250,000. In fact the defendant paid the plaintff $30,000 for a half interest in the horse more than two and a half years ago.

Under the written agreement of sale dated June 29, 1918, the defendant was to have possession and use of Friar Rock in California during the seasons of 1919 and 1920, the plaintiff to have him for use in Kentucky during the seasons 1921 and 1922; " thereafter on new arrangements mutually satisfactory."

The season 1921 is now open or opening and

27

plaintiff by the agreement is entitled in his turn to possess and use the stallion, but defendant flatly refuses to abide by his agreement unless the plaintiff enters into a new agreement which is unsatisfactory to him.

The defendant has utterly no right to insist upon any conditions of any kind for returning the horse to plaintiff except those expressed in the agreement of sale and those require his shipment forthwith to the plaintiff's stock farm in Kentucky. Indeed he has already been kept by the defendant so far beyond the reasonable time of shipment as to substantially prejudice the plaintiff's rights. The horse should have been sent in August or September of 1920 in order to get the stallion acclimated and fit for the season of 1921, during which the plaintiff is entitled to his possession.

Personal service of the summons upon the defendant has been made in this state and he has duly appeared by his attorneys. Upon the verified complaint and affidavits the plaintiff now asks for a mandatory injunction requiring the defendant to ship Friar Rock to Kentucky as provided in the agreement and enjoining other disposition of him; also for a receiver of the stallion with power to proceed to California and to take appropriate steps there or elsewhere, including the invoking of the aid of the courts of that or any other state, or of the Federal courts, to gain possession of the animal and ship him to the plaintiff's stock farm in Kentucky.

Plaintiff's application for relief is quite novel but so is the situation in which he finds himself. Already his rights have been prejudiced and further irreparable damage is threatening him. There must be a remedy and I do not believe this court is powerless to give it to him. The relief prayed for seems to be the most practicable and appropriate which is available to him.

The courts of sister states may be relied upon to aid in serving the ends of justice whenever our own process falls short of effectiveness.

The motion will be granted and the amount of the receiver's bond will be fixed upon the settlement of the order.

Motion granted.